THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN OTOS, <br><br> Plaintiff, <br><br> vs. <br><br> WHPACIFIC, INC., an Alaska Corporation, <br><br> Defendant. | NO. 2:16-cv-01623-RAJ <br><br> ORDER |

This matter comes before the Court on Plaintiff Susan Otos's Motion to Compel Answers and Responses to Plaintiff's Discovery Requests. Dkt. # 20. Defendant WHPacific, Inc. ("WHP") opposes the Motion. Dkt. # 23.

**I.    BACKGROUND**

Plaintiff filed suit against WHP for age discrimination, gender discrimination, and wrongful discharge. Dkt. # 1-1 (Complaint). The parties met and conferred several times to discuss discovery disagreements but have come to a standstill. Plaintiff requested that WHP produce discovery from two non-party affiliates: NANA Development Corporation ("NANA") and Grand Isle Shipyard ("GIS"). WHP denies that it has access to either NANA's or GIS's documents.

ORDER - 1

Plaintiff further requested, generally, that WHP fully comply with her discovery requests and submit more timely productions. WHP claims that it has consistently produced documents on a rolling basis as they become available. Unable to resolve the issues, Plaintiff now moves this Court to compel WHP to comply with her discovery requests.

## II. LEGAL STANDARD

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted, or if requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the Court is precluded from awarding expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

ORDER - 2

### III. DISCUSSION

A. "Control" Under Rule 34

Federal Rule of Civil Procedure 34(a) allows courts to order production of documents or items as long as those documents or items are in the possession, custody, or control of a party to the litigation. Production of documents or items possessed by related non-parties is warranted as long as the party to the litigation has custody or control of those documents or items. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). "Control" is defined as "the legal right to obtain documents on demand." *Int'l Union*, 870 F.2d at 1452. The Ninth Circuit has refused to expand the definition of "control" to include a party's practical ability to obtain the documents or items requested. *In re Citric*, 191 F.3d at 1107-1108. The party seeking production bears the burden of demonstrating *actual* control; proof of theoretical control is not enough to meet this burden. *Int'l Union*, 870 F.2d at 1454.

Notwithstanding the definition of "control" set forth in *International Union* and *In re Citric*, the Court notes that courts within the Ninth Circuit (including courts within the same district) have taken inconsistent positions when addressing whether a subsidiary possesses sufficient "control" of documents or items allegedly in their parent corporation's possession. *See, e.g.*, *AFL Telecomms. LLC v. SurplusEQ.com Inc.*, No. CV11-1086 PHX DGC, 2012 WL 2590557, at *2 (D. Ariz. July 5, 2012) (relying on a Third Circuit case cited by the Ninth Circuit in *In re Citric* to adopt a more expansive definition of "control"); *see also Thales Avionics Inc. v. Matsushita Avionics Sys. Corp.*, No. SACV 04-454-JVS(MLGx), 2006 WL 6534230, at *4-5 (C.D. Cal. Mar. 8, 2006) (relying on case law outside the Ninth Circuit to consider the "nature of the relationship" between a subsidiary and its parent corporation to determine "control"); *Choice-Intersil Microsystems,*

*Inc. v. Agere Sys., Inc.*, 224 F.R.D. 471, 472-73 (N.D. Cal. 2004) (same). However, as duly noted by district courts within the Ninth Circuit, the Ninth Circuit has not expanded the definition of "control" to include a practical ability to obtain documents. *E.g.*, *Seifi v. Mercedez-Benz U.S.A., LLC*, No. 12-cv-05493-TEH(JSC), 2014 WL 7187111, at *2-3 (N.D. Cal. Dec. 16, 2014) (binding Ninth Circuit law does not rely on an expansive definition of "control"); *Dugan v. Lloyds TSB Bank PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 4758055, at *3 (N.D. Cal. Sept. 4, 2013) (acknowledging that while "control" between a subsidiary and its parent may be established under a more expansive definition, the same is not true under Ninth Circuit law); *Ehrlich v. BMW*, No. CV 10-1151-ABC (PJWx), 2011 WL 3489105, at *1 (C.D. Cal. May 2, 2011) ("Plaintiff argues, it seems, that, based on the inherent relationship between the two companies, [the subsidiary] must have access to these documents. This theory has been rejected by the Ninth Circuit and is rejected here."); *Gen. Metals of Tacoma, Inc. v. Bean Envtl. LLC*, No. C05-5306 RBL, 2006 WL 2927730, at *2 (W.D. Wash. Oct. 11, 2006) (refusing to expand the test for determining "control"); *but see Stella Sys., LLC v. MedeAnalytics, Inc.*, No. 14-cv-00880-LB, 2015 WL 1870052, at *3 (N.D. Cal. Apr. 22, 2015) (applying expansive definition of control when considering whether a party has control of documents possessed by an unrelated company).

The Court agrees that the proper test for determining control between a subsidiary and its parent is whether the subsidiary has the legal right to demand production of the documents or things sought from its parent. Moreover, the Court finds that Plaintiff failed to meet her burden to show that WHP has the proper control over either NANA's or GIS's documents. Plaintiff argues a close relationship between these companies: she alleges that WHP is a wholly owned subsidiary, that the companies have overlapping executives and personnel, and that these overlapping personnel made decisions with regard to her employment with

ORDER - 4

WHP. Dkt. ## 20, 26. This is not sufficient to show that WHP has control over GIS or NANA's documents. As the Court explained through the cited law above, convenient access to documents does not translate to the legal control necessary for this Court to grant the Motion. Though NANA or GIS may have been able to exercise such control over WHP's documents, the reverse does not hold true based upon Plaintiff's representations.

Plaintiff further alleges that NANA and GIS have acted as agents for WHP. To support this argument, Plaintiff cites the Administrative Services Agreement entered into by WHP and GIS. Dkt. # 26 at 5. However, this Agreement explicitly denies any kind of agency relationship. Dkt. # 21 at 87 ("The parties hereto are independent contractors and this Agreement shall in no way create a partnership, joint venture, agency or other relationship between them.").

B. Inadequate Or Delayed Responses

In addition to seeking discovery from non-party affiliates, Plaintiff seeks additional documents from WHP. Specifically, Plaintiff claims that WHP's productions "have been consistently inadequate." Dkt. # 20 at 2. But Plaintiff does not describe any particular inadequacy beyond her wish for the non-party affiliates' documents. To be sure, she summarily claims that WHP made baseless objections and has produced the documents at an unacceptably slow rate. Plaintiff asks the Court to compel WHP to "fully respond" to her first set of interrogatories and requests for production. Dkt. # 26 at 2.

The Court cannot compel WHP to "fully respond" when there is no discussion or explanation of how WHP has failed to meet its discovery responsibilities. *See Christ v. Blackwell*, No. CIV S-10-0760 EFB P, 2011 WL 3847165, at *2 (E.D. Cal. Aug. 30, 2011) (finding that the plaintiff bears the burden to inform the Court which discovery requests are the subject of the Motion, which requests are disputed, and why a defendant's responses are deficient). Granting

ORDER - 5

such a nebulous motion would be toothless because the Court could not reasonably enforce an order that merely directs WHP to "complete [its] production." Dkt. # 26 at 3. This is especially true in light of Plaintiff's admission that her issue is one of trust rather than a concrete concern about deficient responses: "she simply cannot take Defendant's word that its production is complete." *Id.* at 2.

C. <u>Expenses Under Rule 37</u>

Based on Defendant's own timeline, it appears that a large portion of the discovery was produced after Plaintiff filed her motion to compel. Rule 37(a)(5) requires the Court to award expenses when "disclosure or requested discovery is provided after the [Motion to Compel] was filed." Fed. R. Civ. P. 37(a)(5). "But the court must not order this payment if . . . other circumstances make an award of expenses unjust." *Id.*

The Court finds that awarding expenses under these circumstances is unjust. It appears that the parties met and conferred on several occasions and were able to agree upon extensions of production deadlines. Though WHP sped up its productions after the Motion, it appears that WHP had been consistently producing documents prior to the Motion. Of course, should such a pattern continue—that is, productions become increasingly available only after Plaintiff is forced to file additional motions—the Court may find a future award of expenses justified.

**IV. CONCLUSION**

For all the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Compel. Dkt. # 20.

Dated this 6th day of June, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 6